Thomas Johnson *v.* Flora Johnson.

[Abstract Kentucky Law Reporter, Vol. 4—348.]

**Rights of Children Under Decedent's Title Bond.**

Where the husband during his lifetime purchased a tract of land by title bond and was in possession of it when he died, the widow is not entitled, by paying the balance or all of the purchase-money out of her own means, to procure from the court an order directing conveyance to be made to her. The children, against their consent, can not be deprived of their rights in that way. However, the widow in a proper proceeding might have a lien decreed in her favor for the purchase-money paid by her.

APPEAL FROM HARDIN CIRCUIT COURT.

October 12, 1882.

Opinion by Judge Pryor:

The husband of the appellee in his lifetime purchased a small tract of land of one Fifo and obtained a bond for title. He·left several children and his widow surviving, all of whom lived on this tract of land. The widow brought this action in equity claiming that she had since the death of her husband, out of her own means, paid off the purchase-money notes, and asking that the conveyance be made to her. This was resisted by one of the children upon the ground that the estate of the decedent, his father, or rather its proceeds, was used in paying the purchase-money. The chancellor on hearing the proof directed the deed to be made to her by the commissioner. This was error even if the proof conduced to show the payment of all the money by the widow. She might have had a lien by reason of its payment that could have been enforced by subjecting the land, but she had no right to be substituted as purchaser without the consent of those who were entitled to the deed.

It is plain, however, from the proof that the purchase-money, except $100, was paid by the sale and the exchange of personal property belonging to the appellee's husband, and there are no facts appearing in the record upon which to base her right to the land or a lien upon it except as to the $100. She has been in the possession of and enjoyed the use of most of the land since her husband's death, but upon it has raised a large family

of children, and we think the equity of the case requires that her lien for $100 should be enforced to bear interest from the day the judgment is hereafter rendered. One of the sons has either made or had improvements made by his father for him on one part of this land and has been living upon it for years. This will not be sold unless there is an insufficient quantity of land outside of that occupied by him to pay the lien. The order referring this case to the commissioner should be set aside and the parties remanded to.the county court for a division, or if a division is not practicable then a petition can be filed to sell it.

We do not intend to affect by this opinion the interest the widow may be entitled to by reason of the consent of those who are adults and unite with her in the petition asking that the title be conferred upon or vested in the mother. This they may do, but those who are resisting the judgment are entitled to an interest in the land. The extent of the interest owned by the appellant or the effect the improvements made by him, if any, are to have in a division is not in issue here. The judgment should direct a conveyance to the heirs or children of the intestate, except such as consent that the widow shall take their interest, and then subject the same to the payment of the $100 purchase-money due the widow.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*A. B. Montgomery, for appellant.*

*W. H. Chelf, for appellee.*

